IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| vs. | * CRIMINAL NO. 16-00259-WS-N |
| FRANK PETER SALAMONE<br>HEATHER TURNER ERWIN, | * |
| Defendant. | * |

ORDER

This matter came before the undersigned on February 14, 2017 for a pretrial conference. Present at the conference were the following: Assistant United States Attorney Lawrence Bullard; Frederick Helmsing, Esq., counsel for Defendant Heather Turner Erwin, and Cynthia Burney, Esq., counsel for Defendant Frank Peter Salamone. On February 14, 2017 AUSA Bullard filed a motion to continue the trial of this matter from its current March 2017 setting. (Doc. 47).[1] As grounds for the motion the United States maintains, in sum, that the co-defendant, Marangely Conde was arrested February 9, 2017, in the Middle District of Florida and is scheduled to be arraigned in the Southern District of Alabama on February 22, 2017. As such, she will be set for trial during the April 2017 trial term. Ms. Conde is the final co-defendant to be arrested in this case and the United States seeks a one month

---

[1] AUSA Bullard made an oral motion to continue at the time of the pretrial conference. Ms. Burney indicated that her client was opposed to a continuance. As such the undersigned requested that the AUSA file a formal motion and that Ms. Burney file her objections thereto.

1

continuance of trial so that the jointly indicted defendants may be tried together.

Mr. Helmsing advises that his client, Defendant Erwin, has no objection to the motion.  However, Ms. Burney advises that her client, Defendant Salamone, opposes the motion and has filed written objections. (Doc. 49)  Defendant Salamone objects to the continuance on the grounds, in sum, that he is the sole financial provider for his family and his continued detention is causing his family an extreme hardship.  (Doc. 49)[2].

Defendants are charged in a four count indictment with conspiracy to distribute Methylphenidate Hydrochloride (Ritalin), conspiracy to import Methylphenidate Hydrochloride (Ritalin), Possession with the Intent to Distribute Methylphenidate Hydrochloride (Ritalin) and Importation of a Controlled Substance.  (Doc. 1) The undersigned notes that no motion for severance has been filed and the defendants are still joined for trial.

The undersigned finds that the ends of justice served by continuing this action for one (1)  month outweighs the best interests of the public and the defendants in a speedy trial. 18 U.S.C.A. § 3161(h)(7)(A).  Specifically, the

---

[2] Defendant Salamone's detention hearing was initially conducted in the Southern District of Mississippi.  The magistrate judge ordered Defendant detained based on the amount of time defendant faced if convicted and the fact that defendant tested positive for methamphetamine.  Upon motion of defense counsel, the undersigned held a second detention hearing at which time it was represented that if convicted the Defendant is facing a range of 0-6 months.  Additionally, Defendant's drug test returned negative from the National Lab.  Thereafter, the undersigned set conditions of release, which included that Salamone have suitable housing.  Defendant's co-defendant (spouse) was released by the judge in  Mississippi to the family home.  Because defendants are charged in a drug conspiracy the undersigned concluded that they could not reside together pending the resolution of this case.

ends of justice served by continuing the trial of Ms. Erwin and Mr. Salamone so their cases can be tried simultaneously with that of their recently arrested co-defendant, "outweighs the best interest of the public and the defendants in a speedy trial." 18 U.S.C.A. ' 3161(h)(7)(A).  Specifically, because all three defendants are charged in the Indictment with participating in the same act or in the same series of acts or transactions (drug conspiracy,), it is more efficient for all involved to proceed on the case in one trial.  For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. 3161(h)(6) ("A reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.").

Under these circumstances, and upon consideration of the objections filed by Defendant Salamone, the motion to continue is **granted** and this case is hereby CONTINUED to the **April 2017** criminal term.  For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

Each defendant and his/her respective counsel filing a Speedy Trial Waiver on or before **February 24, 2017**. [3]  The Clerk is directed to refer this matter to Magistrate Judge Sonja Bivins to set a pretrial conference in March 2017.

---

[3] The waiver shall include language which reflects that (A) counsel has discussed the reasons for seeking a continuance with Defendant; (B) Defendant understands that the time requested in the motion to continue trial of this matter will be excluded from any calculations of time under the Speedy Trial Act; and (3) with this understanding and knowledge, Defendant agrees to a continuance of this action to the April 2017 criminal trial term.

4

ORDERED this the 16<u>th</u> day of February 2017.

<div style="margin-left:3em">

<u>/s/ Katherine P. Nelson</u>
**UNITED STATES MAGISTRATE JUDGE**

</div>

4